IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Fields,                                )  | C/A No. 0:13-2679-TMC-PJG |
|                  Petitioner,     ) | |
| vs.                                             ) | **REPORT AND RECOMMENDATION** |
| Warden Stevens,                        ) | |
|                  Respondent.  ) | |
| _____ ) | |

Petitioner Anthony Fields ("Fields"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Fields was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 24.) Fields filed a response in opposition to the respondent's motion. (ECF No. 40.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Fields's Petition denied.

## BACKGROUND

**A.    1993 Convictions**

Fields was indicted in March 1993 in Richland County for burglary in the first degree (93-GS-40-2150), and two counts of burglary in the second degree (93-GS-40-2152 & -2155). (ECF No. 25 at 13-14, 17-18, 21-22.) Fields was subsequently indicted in April 1993 in Richland County for three counts of second degree burglary (93-GS-40-2157, -1967, & -1969), and again in July 1993 for one count of burglary in the first degree (93-GS-40-2021) and two counts of grand larceny (93-

GS-40-2020 & -2022). (See Order, ECF No. 26-1.) Fields was represented by Eve Major, Esquire, and on August 10, 1993 pled guilty as charged. (Id.) The circuit court sentenced Fields to twenty years' imprisonment for each count of burglary in the first degree, fifteen years' imprisonment for each count of burglary in the second degree, and thirty days' imprisonment for each count of grand larceny. (Id.) Fields did not appeal his conviction or sentence.

Fields filed a *pro se* application for post-conviction relief on October 8, 2007 ("2007 PCR") in which he raised the following claims, as summarized by the respondent:

1. Ineffective assistance of counsel on the allegation that counsel did not consult him on his ability to appeal or the proper manner in which to do so;
2. Involuntary guilty plea;
3. Newly Discovered Evidence;
4. Violation of Due Process;
5. Violation of Right to Counsel; and
6. Cruel and Unusual Punishment.

(See Fields v. State of South Carolina, 07-CP-40-6689; ECF No. 25-4.) The State filed a return and motion to dismiss. (ECF No. 26.) On June 30, 2008, the PCR court filed a conditional order of dismissal in which it provisionally denied and dismissed Fields's 2007 PCR application as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a), and barred by the doctrine of laches. (ECF No. 26-1.) Fields filed a pleading in opposition to the conditional order. (ECF No. 26-2.) The PCR court denied and dismissed Fields's 2007 PCR application by Final Order filed December 22, 2009. (ECF No. 26-4.) Fields did not appeal the PCR court's order.

**B.    2006 Convictions**

Fields was indicted in August 2005 in Richland County for burglary in the first degree (05-GS-40-5629), and petit larceny (05-GS-40-5633). (ECF No. 26-3.) Fields was represented by Ian Deysach, Esquire, and on October 20, 2006 was tried before a jury and found guilty as charged.



(ECF No. 22-4 at 107-08.) The circuit court sentenced Fields to life imprisonment without parole pursuant to S.C. Code Ann. § 17-25-45 for burglary in the first degree, and thirty days' imprisonment for petit larceny. (ECF No. 22-4 at 123.)

Fields timely appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Commission on Indigent Defense, who filed a final brief on Fields's behalf that presented the following claim:

> Whether Appellant was denied due process of law when the solicitor commented on his assertion of his right to a jury trial in light of the evidence against him?

(ECF No. 26-5 at 4.) The State filed a final brief. (ECF No. 27.) On June 2, 2009, the South Carolina Court of Appeals filed an order affirming the decision of the lower court. (State v. Fields, Op. No. 09-UP-263 (S.C. Ct. App. June 2, 2009); ECF No. 27-1.) The remittitur was issued on June 22, 2009. (ECF No. 27-2.)

Fields filed a *pro se* application for post-conviction relief on May 25, 2010 ("2010 PCR") in which he raised claims of (1) ineffective assistance of counsel in that counsel did not investigate the defendant's charge as required by law; and (2) due process violation. (Fields v. State of South Carolina, 10-CP-40-3451; App. at 1-6, ECF No. 22-1 at 3-8.) Fields amended his PCR application on July 8, 2010, alleging (1) ineffective assistance of counsel in that he failed to investigate and challenge the legality of Fields's prior convictions that were used to improperly enhance his current burglary conviction; (2) due process violation from Fields's first burglary conviction, which was uncounseled and unconstitutional and was used to enhance his 1993 guilty plea and his current conviction; (3) Eighth Amendment violation in that Fields has "done time" for convictions over which the state had no subject matter jurisdiction to convict him; and (4) prosecutorial misconduct in that the state willfully conducted a "farce hearing" and coerced Fields into pleading guilty in 1993.



(ECF No. 27-3.) The State filed a return and motion to dismiss. (ECF No. 27-4.) On August 5, 2010 the PCR court filed a conditional order of dismissal in which it provisionally denied and dismissed Fields's 2010 PCR application as successive and untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (App. at 7-13, ECF No. 22-1 at 9-15.) Fields filed a pleading in opposition to the conditional order, arguing that he was entitled to an evidentiary hearing because his 2010 PCR application presented a timely attack on his 2006 convictions. (App. at 14-15, ECF No. 22-1 at 16-17.) The PCR court denied and dismissed Fields's 2010 PCR application by Final Order filed November 18, 2010, finding that Fields's 2010 PCR application was an attempt to reassert challenges to his 1993 convictions, which had previously been adjudicated in his 2007 PCR action. (App. at 16-20, ECF No. 22-1 at 18-22.)

On appeal, Fields was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender, who filed a Johnson[1] petition for a writ of certiorari on Fields's behalf that presented the following issue: "Whether petitioner was entitled to a PCR hearing?" (ECF No. 27-6.) The South Carolina Supreme Court issued an Order on February 9, 2012 directing the parties to address the following question:

> Was petitioner entitled to a hearing on his post-conviction relief application when he alleged ineffective assistance of counsel in his 2006 conviction for failing to investigate the propriety of using a prior uncounseled conviction to enhance his sentence?

(ECF No 27-7.) The parties each filed a brief. (ECF Nos. 28 & 28-1.) On September 5, 2013, the South Carolina Supreme Court denied Fields's petition for a writ of certiorari. (ECF No. 28-2.) The remittitur was issued September 23, 2013. (ECF No. 28-3.) This action followed.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).



**FEDERAL HABEAS ISSUES**

Fields's federal petition for a writ of habeas corpus raises the following issues:

**Ground One:** Ineffective Assistance of Counsel.
**Supporting Facts:** Counsel never investigated petitioner prior expired unconstitutional convictions, that was repeat[ed]ly used to enhance current conviction.

**Ground Two:** Due Process Violation
**Supporting Facts:** Petitioner Due Process Rights has been violated since 1990. 1990 uncounseled conviction was used to enhance 1993 and 2006 convictions.

**Ground Three:** Entitlement to a Post Conviction Rel[ie]f hearing, or an Evidentiary Hearing.
**Supporting Facts:** Petitioner filed a timely PCR petition after the Court of Appeals affir[]med the decision. But petitioner was never granted a hearing. Petitioner has never had a hearing for no PCR petition. Never got one bite of the apple as afforded to all defendants.

(Pet., ECF No. 1) (errors in original).[2]

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[2] Fields submitted two *pro se* Affidavits in support of Grounds One and Two, but they do not appear to attempt to raise any additional grounds for habeas relief. (ECF Nos. 15, 16.)



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c)), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of



federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no

reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence



v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

    **1.     Procedural Bar**

        **i.     Ground One**

Fields alleges ineffective assistance of his 2006 trial counsel for failing to investigate "prior expired unconstitutional convictions . . . used to enhance [his] current conviction." (ECF No. 1 at 5.)  The respondent argues that Ground One is not properly before the court "because the PCR judge's summary dismissal of the Application for failing to comply with the PCR statute of limitations and as successive to the 2007 application are both independent and adequate state procedural bars to relief." (ECF No. 22 at 12-13.)  Thus, the respondent argues that Ground One is procedurally defaulted.  (Id. at 18.)  In his response to the respondent's motion for summary judgment, Fields alleges that his PCR application "was timely filed on contentions unrelated to any of the previously filed PCR petitions . . . [and] is not successive." (ECF No. 40 at 16.)  However, the record indicates that the PCR court found that Fields's ineffective assistance claim, which "purports to challenge his 2006 convictions, [] in reality only challenges his 1993 convictions." (ECF No. 22-1 at 20.)  As Fields had challenged the legality of his 1993 convictions in a 2007 PCR

PJG

application,[3] the PCR judge dismissed the 2010 PCR application as successive. (Id. at 21.) The PCR court also found that Fields's application was filed "well beyond the time that the statutory filing period had expired" for his 1993 convictions. (Id.)

"Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that a state court has found to be clearly and expressly defaulted under an independent and adequate state procedural rule . . . ." Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999); see also Lawrence, 517 F.3d at 714 (holding that a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted under independent and adequate state procedural rules). A state procedural rule is considered "adequate if it is regularly or consistently applied by the state courts, and it is independent if it does not depend on a federal constitutional ruling." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (citations omitted). As the record reflects that the PCR court dismissed Fields's 2010 PCR application as successive and untimely under state law without ruling on the merits of the application, the court finds that Ground One is procedurally defaulted. See Hutto v. South Carolina, C/A No. 0:08-2188-TLW-PJG, 2009 WL 2983018, at *6 (D.S.C. Sept. 14, 2009) (adopting report and recommendation finding claims dismissed by the PCR court as untimely and successive were procedurally barred); Scott v. Bazzle, C/A Nos. 8:05-2690-GRA-BHH, 8:06-2730-GRA-BHH, 2007 WL 2891541, at *5 (D.S.C. Sept. 28, 2007) (adopting report and recommendation and noting that the "South Carolina statute of limitations for PCR applications" is an independent and adequate state ground "which acted as a procedural bar to the petitioner's claims").

---

[3] The record further reflects that Fields's 2007 PCR application challenging his 1993 convictions was also dismissed as barred by the statute of limitations. (ECF No. 26-4 at 2-6.) Fields did not appeal the PCR court's order dismissing his 2007 PCR application.

Page 10 of 15



### ii.    Ground Two

Fields alleges a violation of his right to due process associated with the use of a 1990 uncounseled conviction to enhance subsequent convictions in 1993 and 2006. (ECF No. 1 at 6-7.) The respondent argues that Ground Two is also procedurally barred from federal habeas review because it "was never raised at Fields's 1993 sentencing and thereafter on appeal or at the 2006 trial and on appeal." (ECF No. 22 at 31.) In response to the respondent's motion for summary judgment, Fields argues that his claims and evidence have been presented to the South Carolina Supreme Court and that it is the State's "fault for not adjudicating [his] PCR petition." (ECF No. 40 at 8.) The court observes that Fields does not appear to raise this issue as one alleging ineffective assistance of counsel; rather, this ground appears to be characterized as an error of the state trial court. The record reflects that Fields did not raise this issue on direct appeal.[4] Therefore, the court finds that Ground Two is also procedurally barred. See Drayton v. Evatt, 430 S.E.2d 517, 520 (S.C. 1993) (stating that issues that could have been raised at trial or in direct appeal cannot be asserted in a PCR application absent a claim of ineffective assistance of counsel); see also Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

---

[4] Fields's sole argument in his direct appeal of the 2006 convictions involved an alleged violation of due process by the solicitor in an opening statement regarding Fields's decision to "go to trial given the evidence." (ECF No. 27-1 at 2.)



      **iii.**      **Ground Three**

Fields alleges an entitlement to a PCR hearing or evidentiary hearing. (ECF No. 1 at 8.) The respondent argues that this ground is not exhausted and that the "determination of whether or not a PCR applicant is entitled to an evidentiary hear[ing] is purely a state law issue." (ECF No. 22 at 11, 32.) In his response in opposition to the respondent's summary judgment motion, Fields alleges that he "has never had an evidentiary hearing for any petition that he has filed" and that his "post conviction relief record is incomplete because the state has denied him his one chance to be heard." (ECF No. 40 at 18.) The record reflects that, while this ground was presented in Fields's Johnson petition (ECF Nos. 27-6, 27-7), it was not properly presented to, or ruled upon by, the PCR court as an independent issue.[5] Thus, the court finds that this issue is procedurally barred.

Further, even if this issue were deemed properly exhausted, "it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Silver v. Stephenson, No. 86-6719, 1986 WL 17970, at *2 (4th Cir. Nov. 4, 1986) (finding that denial of an evidentiary hearing in state court did not violate a constitutional right). Moreover, to the extent Fields may be alleging an entitlement to an evidentiary hearing in this court, he is not entitled to such a hearing as a matter of right. See Poyner v. Murray, 964 F.2d 1404, 1422 (4th Cir. 1992) ("[A] habeas corpus

---

[5] There is no indication in the record that Fields filed a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on this allegation. Therefore, even if this ground was raised in the PCR action, it would not have been preserved for appellate review under state procedural rules. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue muse be raised to and ruled on by the PCR court to be preserved for appellate review); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review.").



petitioner is entitled to an evidentiary hearing only to resolve disputed issues of material fact. The petitioner 'must present[] a colorable claim' to relief, by showing that the alleged additional facts, if true, would at least arguably compel the granting of the writ.") (citation omitted).  As Fields has failed to demonstrate that the PCR court's denial of an evidentiary hearing constituted an unreasonable application of clearly established federal law, the respondent's motion for summary judgment should be granted as to this claim.  See Williams, 529 U.S. at 411.

### 2. Fields's Arguments to Excuse Default

While the court finds that Fields's habeas grounds are procedurally defaulted, such claims may be considered by a federal habeas court if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. In his response in opposition to the respondent's motion for summary judgment, Fields alleges that he has "demonstrated prejudice resulting from the state's unfair and unreliable proceedings," and that failure to review his federal claims "would result in a serious miscarriage of justice." (ECF No. 40 at 11.) Fields further claims that he is actually innocent "of the conviction and sentence for this 2006 trial." (Id.)

A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted.  However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt").  The court finds that



Fields's arguments fail to meet this standard and that Fields has failed to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. Therefore, these claims are procedurally barred from federal habeas review. Accordingly, the court concludes that the respondent's motion for summary judgment should be granted as to all of Fields's claims.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 23) be granted and Fields's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 3, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).