IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Anthony Fields, | ) |
| | ) Civil Action No. 13-CV-02679-TMC |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Warden Stevens, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Before the court is Petitioner's motion to reconsider the court's July 25, 2014 order. (ECF No. 51). The court's order adopted the magistrate judge's Report and Recommendation ("Report") and granted Respondent's motion for summary judgment. (ECF No. 45). At the time of the entry of the order, the court had not received Petitioner's objections and the time to file objections had run. On January 7, 2015, Petitioner filed a motion for the court to reconsider its order and to examine his objections.

Because a motion to reconsider pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment" Fed. R. Civ. P. 59(e) and Petitioner did not file his motion to reconsider until January 7, 2015, the court will construe Petitioner's motion as a motion to reconsider pursuant to Rule 60. Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for specific reasons. Fed. R. Civ. P. 60(b). Petitioner does not state which reason his motion relies on, but based on the circumstances, the court construes his motion as falling under either Rule 60(b)(1)'s "excusable neglect" standard or the 60(b)(6) catchall for "any other reason that justifies relief." Due to a strong interest in preserving judicial finality, courts generally disfavor Rule 60(b) motions and reserve such relief for

exceptional circumstances.  *See, e.g.*, *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

Petitioner asserts that he filed timely objections to the Report.  (ECF No. 51).  He mailed his objections on July 23, 2014, and they were received by the clerk on July 25, 2014, after the court's order adopting the Report.  (ECF No. 48).  The magistrate judge issued her Report on July 3, 2014, and the Report was mailed to Petitioner that same day.  (ECF Nos. 43, 44).  Petitioner's motion to reconsider asserts that the time period to object does not start to run until he actually receives the Report.  (ECF No. 51 at 2).  However, the Report contained a "Notice of Right to File Objections to Report and Recommendation."  (ECF No. 43 at 15).  That Notice informed the parties that "[s]pecific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation."  (ECF No. 43 at 15). Therefore, Petitioner's objections needed to be filed by July 21, 2014.  Applying the "prison mailbox rule," Petitioner's objections are deemed filed at the time they were delivered to prison authorities for mailing to the clerk of court.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).  Here, Petitioner acknowledges he did not "file" his objections with the prison mail room until July 22, 2014,[1] and August 6, 2014, (ECF No. 51 at 2), after the filing deadline had expired. Accordingly, Petitioner's objections were untimely, and the court did not miscalculate the time period.

However, in an abundance of caution and to ensure no other ground for relief exists, the court has reviewed and considered Petitioner's untimely objections (ECF No. 48) and his untimely supplement (ECF No. 49) and finds they are without merit.  The court finds that for the reasons set forth in the Report, Petitioner's claims are procedurally barred.  Moreover, his objections merely restate arguments raised in his affidavits and his response to Respondent's

---

[1] He signed his objections on July 22, 2014.  (ECF No. 48 at 17).  The envelope was stamped by the prison mail room officials on July 23, 2014.  (ECF No. 48-3).

motion for summary judgment. *See* (ECF Nos. 3, 15, 16, 40, 48, 49). Thus, had the court received Petitioner's objections and supplement prior to expiration of the deadline, it would not have changed the result in this case.

Accordingly, after a full review of the record, the court finds no reason to overturn its previous order and, thus, **DENIES** Petitioner's motion for reconsideration (ECF No. 51).

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to show that this court's rulings are debatable or wrong. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 5, 2015
Anderson, South Carolina